UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CANDY B.,[1] | : | Case No.  2:24-cv-3968 |
| | : | |
|     Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
|     Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Candy B. brings this case challenging the Social Security Administration's denial

of her application for a period of disability and Disability Insurance Benefits.  The case is before

the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in

Opposition (Doc. #9), Plaintiff's Reply (Doc. #10), and the administrative record (Doc. #7).

**I.      Background**

The Social Security Administration provides Disability Insurance Benefits to individuals

who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*,

476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses

"any medically determinable physical or mental impairment" that precludes an applicant from

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*,

476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

In the present case, Plaintiff protectively applied for benefits in August 2020, alleging disability due to several impairments, including cluster headaches, addiction, psychosis, multiple personalities, Bipolar, anxiety, PTSD, Hepatitis C, cellulitis skin disorders, degenerative disc disease, osteoporosis, vascular migraines, and depression.  (Doc. #7-6, *PageID* #493).   After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Kimberly S. Cromer.  On September 14, 2022, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (Doc. #7-3, *PageID #s* 160-79).  The Appeals Council granted Plaintiff's request for review and remanded the matter for further proceedings.  *Id.* at 180-85.

On remand, the claim was returned to ALJ Cromer, who held three additional hearings on May 11, 2023, October 17, 2023, and March 19, 2024.  (Doc. #7-2, *PageID* #s 64-87, 88-102, 103-14). Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations.  *See* 20 C.F.R. § 404.1520.  She reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since March 16, 2020, the alleged onset date. |
| Step 2: | She has the following severe impairments: anxiety disorder; Bipolar Disorder; Post-traumatic Stress Disorder; and cluster headaches. |
| Step 3: | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work …[ ] except [Plaintiff] could frequently balance, stoop, crouch, kneel, and crawl; she could frequently climb ramps or stairs; she should avoid |

2

climbing ladders, ropes, or scaffolds; she should avoid performing work at unprotected heights or around hazardous machinery; she should avoid performing commercial driving; she should avoid concentrated exposure to vibration, loud noise, such as construction machinery, and flashing, strobing, lights, such as those that are seen at concerts; she could perform simple, routine, repetitive tasks that involve only occasional decision-making and occasional changes in the work setting; she should avoid performing fast-paced production work, such as on an assembly-line, or work where the machine sets the pace, but she could perform work that is of a variable rate; she could occasionally interact with coworkers and supervisors, but should avoid performing work with the general public as part of routine job duties; she should avoid performing jobs [with] strict production goals or hourly requirements, but could perform jobs with end of the day work goals; and she should avoid performing tandem tasks."

Plaintiff is unable to perform any past relevant work.

Step 5:     Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #7-2, *PageID* #s 43-56).  Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since March 16, 2020.  *Id.* at 56.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 40-56), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), and Plaintiff's Reply (Doc. #10).  To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial

evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)).  It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

III.   **Discussion**

On appeal, Plaintiff raises three assignments of error: (1) the ALJ erred by finding the opinions of the state agency reviewing psychologists persuasive, but then failing to adopt all of their opined limitations—or at least explain why certain limitations were not adopted; (2) the ALJ failed to properly evaluate the prior administrative medical findings of the state agency reviewers and the medical opinions for supportability as required by 20 C.F.R. § 404.1520c; and (3) the ALJ failed to consider a closed period of disability as suggested by the Appeals Council.  (Doc. #8, *PageID* #s 1556-70).

The Commissioner contends that the ALJ reasonably and fully accounted for the restrictions assessed by the state agency psychologists, among other evidence, in the RFC finding. (Doc. #9, *PageID* #s 1579-81). The Commissioner further asserts that the ALJ considered both

supportability and consistency in evaluating all the medical opinions in the record, and that the

Appeals Council did not suggest a closed period of disability in its remand order. *Id*. at 1575-79;

1581-83.

A.    **Residual Functional Capacity**

An individual's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. §

404.1545(a)(1); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). The

Social Security regulations, rulings, and Sixth Circuit precedent provide that the ALJ is charged

with the final responsibility in determining a claimant's RFC. *See, e.g.*, 20 C.F.R. §

404.1527(d)(2) (the final responsibility for deciding the residual functional capacity "is reserved

to the Commissioner"); 20 C.F.R. § 404.1546(c) (if the claimant's case is at the ALJ hearing level,

the ALJ is responsible for assessing his RFC); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435,

439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately

determines a claimant's RFC."). The ALJ's RFC assessment must be based on all the relevant

evidence in the case record. 20 C.F.R. § 404.1545(a). Further substantial evidence must support

the ALJ's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio

June 18, 2010) (Hogan, M.J.).

In formulating Plaintiff's mental RFC, ALJ Cromer considered the opinion of state agency

psychologist, Janet Souder, Psy.D., who reviewed Plaintiff's records on March 16, 2021. (Doc.

#7-2, *PageID* #51), *citing* Doc. #7-3, *PageID* #s 142-46. Dr. Souder found that Plaintiff's abilities

to understand and remember detailed instructions and to carry out detailed instructions were

moderately limited, noting, "[Plaintiff] has a history of anxiety, ADHD, and substance abuse, as

well as current substance use. She reports forgetfulness, and in a [February 4, 2021] [mental status

examination] from her CNP, she exhibited poor insight and judgement. She would be able to follow short instructions but would not be able to complete detailed instructions." *Id.* at 144-45. Dr. Souder opined that Plaintiff was moderately limited in her ability to interact appropriately with the general public due to her "history of anxiety, ADHD, and substance abuse, as well as current substance use." *Id.* at 145. Because Plaintiff reported extended interpersonal conflict within her family and anxiety, Dr. Souder found "[s]he would require no in-depth social interaction with the general public." *Id.* Finally, Dr. Souder opined Plaintiff was moderately limited in her ability to respond appropriately to changes in the work setting, noting "[s]he would require advanced notice of major changes in the workplace." *Id.*

Additionally, the ALJ considered the opinion of state agency psychologist, Kristen Haskins, Psy.D., in her formulation of Plaintiff's mental RFC. (Doc. #7-2, *PageID* #51), *citing* Doc. #7-3, *PageID* #s 156-58. Dr. Haskins reviewed Plaintiff's file upon reconsideration on January 4, 2022, and determined that changes were needed from the initial level review derived from the new evidence of Plaintiff's bipolar disorder and PTSD. *Id.* at 157. Dr. Haskins determined that Plaintiff was "[c]apable of completing simple 1-2 step work related tasks that do not involve prolonged periods of attention and concentration or have fast-paced demand." *Id.* at 156. Additionally, Dr. Haskins opined that Plaintiff was "[l]imited to work related tasks in a non-public environment that do not require negotiating with, instructing, persuading, or directing the work of others…. She can adjust to minor changes in the work setting and still complete an ordinary routine consistently on an independent basis. Major changes will need to be introduced in advance and then gradually introduced to allow [Plaintiff] time to adjust to the new expectations." *Id.* at 157.

ALJ Cromer found the prior administrative medical findings of Dr. Souder and Dr. Haskins to be "persuasive."  (Doc. #7-2, *PageID* #51). She noted the opinions were "consistent with and supported by the totality of the record, due to the limiting effects of Plaintiff's severe mental impairments." *Id*. However, the ALJ found "that the updated record supports the mental limitations found within the above-stated RFC, which adequately account for and accommodate the functional limitations resulting from [Plaintiff]'s severe mental impairments by limiting the nature, complexity, and pace of her work activities, along with the nature and frequency of her interactions with others in the workplace, due to limiting effects of her anxiety, bipolar, and PTSD symptoms." *Id.*

Plaintiff argues that despite finding their opinions "persuasive," the ALJ failed to adopt Dr. Souder's and Dr. Haskins' opinion that she would require advance notice of major changes in the workplace. (Doc #8, *PageID* #1567).  She notes that while the ALJ included an RFC limitation to occasional changes in the workplace, this only goes to the *quantity* of changes in the workplace, not the *quality* of changes such as major changes in the workplace. *Id. at* 1567-68. Plaintiff also contends that the ALJ failed to adopt Dr. Haskins' opinion that she is limited to work-related tasks that do not require negotiating with, instructing, persuading, or directing the work of others.  *Id.* at 1568. She asserts that, while the ALJ was free not to adopt all of Dr. Souder's and Dr. Haskins' opined limitations, she failed to sufficiently explain why she did not adopt limitations from opinions she otherwise found persuasive. *Id*. at 1566-68.  The Commissioner disagrees, asserting that "[t]he ALJ reasonably and fully accounted for Dr. Souder's and Dr. Haskins' findings in the RFC" by including RFC mental limitations that, while not the same wording as the psychologists', still incorporated all their opined limitations. (Doc. #10, *PageID* #s 1580-81).

As noted above, Dr. Souder and Dr. Haskins opined that Plaintiff would require advance notice of major changes in the workplace. (Doc. #7-3, *PageID* #s 145, 157). Dr. Haskins' opinion added that Plaintiff would require these changes to be "gradually introduced to allow [her] time to adjust to the new expectations." *Id*. at 157. Although the ALJ indicated that she found Dr. Souder's and Dr. Haskins' opinions "consistent with and supported by the totality of the record, due to limiting effects of [Plaintiff's] severe mental impairments," the ALJ did not include a limitation in Plaintiff's RFC that addressed either the requirement for advance notice of major changes or the gradual introduction of these changes. (Doc. #7-2, *PageID* #46). Notably, the ALJ did include a limitation of occasional changes in the work setting. *Id*. However, as Plaintiff correctly pointed out, the ALJ's limitation goes to the quantity of change, not the notice requirement or gradual introduction of those changes. Accordingly, the undersigned finds that Dr. Souder's and Dr. Haskins' opined limitation of Plaintiff's need for advance notice of major changes or Dr. Haskins' opined limitation of gradual introduction to major changes were not incorporated into Plaintiff's RFC.

Similarly, Dr. Haskins opined that Plaintiff should be limited to work-related tasks "in a non-public environment that do not require negotiating with, instructing, persuading, or directing the work of others." (Doc. #7-3, *PageID* #157). While the ALJ did include limitations that Plaintiff should not "work with the general public as part of routine job duties," that she could interact "occasionally interact with coworkers and supervisors," and that she should "avoid performing tandem tasks," she did not include a limitation regarding negotiating with, instructing, persuading, or directing the work of others. (Doc. #7-2, *PageID* #46). Accordingly, the undersigned finds that

8

Dr. Haskins' opined limitation of no work-related tasks involving negotiating with, instructing, persuading, or directing the work of others was also not incorporated into Plaintiff's RFC.

Yet, the ALJ is not required to adopt a medical opinion verbatim. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("Although the ALJ may not substitute [her] opinion for that of a physician, [she] is not required to recite the medical opinion of a physician verbatim in [her] residual functional capacity finding."). However, when the ALJ finds a physician's opinion to be "persuasive" and indicates that she has adopted the physician's opinions, she must incorporate the opined limitations or provide an explanation for declining to do so. *See Wood v. Comm'r of Soc. Sec.*, No. 3:18-CV-76, 2019 WL 1614591, at *3 (S.D. Ohio Apr. 16, 2019) (Newman, M.J.), *report and recommendation adopted,* No. 3:18-CV-76, 2019 WL 1958663 (S.D. Ohio May 2, 2019) (Rice, D.J.) ("the ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when, as here, such limitations are set forth in an opinion the ALJ weighs favorably."); *Cooper v. Comm'r of Soc. Sec.*, No. 2:18-CV-67, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018) (Vascura, M.J.), *report and recommendation adopted,* No. 2:18-CV-67, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019) (Smith, D.J.) (citing *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission)).

Here, although the ALJ found Dr. Souder's and Dr. Haskins' opinions regarding Plaintiff's mental limitations persuasive, she did not include a limitation regarding Plaintiff's need for advance notice of and gradual introduction to major changes or Plaintiff's avoidance of tasks

involving negotiating with, instructing, persuading, or directing the work of others in her RFC assessment. Further, the ALJ's analysis of Dr. Souder's and Dr. Haskins' opinions fails to adequately explain why she omitted these opined limitations. The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports her decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

Finally, the Commissioner's argument that the ALJ incorporated all of Dr. Souder's and Dr. Haskins' opined limitations in her RFC determination by reframing them in vocationally relevant terms is not well-taken. (Doc. #10, *PageID* #s 1580-81). As Plaintiff persuasively argues, "occasional changes in the work setting" refers to the quantity, or frequency of changes in the work setting, while "major changes" refers to the quality, or nature of changes in the work setting. (Doc.

#8, *PageID* #s 1567-68). This distinction finds an analogue in the distinction between "occasional" interaction and "superficial" interaction, which this Court has found to require distinct limitations reflected in the RFC. *See Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-CV-00028, 2020 WL 13572215, at *4 (S.D. Ohio Mar. 13, 2020) (Graham, D.J.). Furthermore, no limitation in Plaintiff's mental RFC reflects that Plaintiff would need to be gradually introduced to major changes in the workplace, or that she should avoid tasks that involve negotiating with, instructing, persuading, or directing the work of others. Therefore, the Commissioner's argument that the ALJ incorporated all of Dr. Souder's and Dr. Haskins' opined limitations is not well-taken.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well-taken.[2]

### B.      Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations, and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #8) is **GRANTED;**

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.


August 22, 2025                                             s/ Peter B. Silvain, Jr.
                                                            Peter B. Silvain, Jr.
                                                            United States Magistrate Judge